IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FILED

MAY 1 8 2012

CLERK, U.S. DISTRICT COURT
By_____
        Deputy

ABDELHAMED A. RHIMA,           §
                               §
        Plaintiff,             §
                               §
VS.                            §    NO. 4:12-CV-049-A
                               §
JPMORGAN CHASE BANK, N.A.,     §
                               §
        Defendant.             §

MEMORANDUM OPINION
and
ORDER

Came on for consideration the first amended motion to
dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil
Procedure, filed in the above-captioned action by defendant,
JPMorgan Chase Bank, N.A.  Plaintiff, Abdelhamed A. Rhima, filed
his response, and defendant filed its reply.  Having now
considered all of the parties' filings, the first amended
complaint, and applicable legal authorities, the court concludes
that the motion to dismiss should be granted.

I.

Background

Plaintiff initiated this removed action by the filing of his
original petition in the District Court of Tarrant County, Texas,
236th Judicial District.  Upon removal, the court ordered
plaintiff to file an amended complaint that complied with the

applicable portions of the Federal Rules of Civil Procedure.   The

amended complaint ("Complaint") is the subject of the instant

motion.

The Complaint makes the following factual allegations:

5.   In response to an internet advertisement by
[defendant], Asset Liquidators, Inc. ("ALI") and
Substitute Trustee, Dick Ritchie, [plaintiff] attended
a foreclosure auction at the Tarrant County Courthouse
in Fort Worth, Texas on May 3, 2011 involving the
property located at 4120 Harwood Road, Bedford, Texas
(the "Property").   At all time relevant to this action,
ALI and Ritchie were agents for Defendant.   At all
times relevant to this action, Defendant was in actual
or constructive possession and control of the Property.
Among other advertised terms and conditions of the
offered foreclosure sale, the Defendant agreed to
timely provide for review by potential bidders the
"environmental reviews" of the Property and access to
the Property for inspection by bidders.

6.   The Defendant undertook to provide information
regarding the condition of the property and undertook
to allow access to the property.   Defendant failed to
provide to Plaintiff the environmental reviews or an
opportunity to inspect the Property and buildings prior
to the foreclosure sale to determine the environmental
or other condition of the Property or the contents of
the buildings.   Plaintiff requested to inspect the
Property prior to the sale but Defendant refused access
citing the lack of a key available for the inspection.
The environmental documents and information were not
provided to Plaintiff prior to the auction as
advertised.   ALI provided two (2) environmental reports
to Plaintiff only after the foreclosure sale.
Thereafter and subsequent only to further inquiry from
Plaintiff an additional and more recent and impactful
environmental report was provided by the Defendant to
Plaintiff on June 7, 2011.

7.   The Defendant was familiar with and
knowledgeable regarding the environmental condition of

the Property and the significant amounts of hazardous and regulated wastes and products contained in building on the Property in violation of Texas law, through possession of several environmental reports, site visits to, environmental investigations and actions performed on the Property and communications by and on behalf of the Defendant and its predecessor in interest, Washington Mutual Bank ("Predecessor"), with the Texas Commission on Environmental Quality ("TCEQ").

8.   The Defendant and its Predecessor also performed specific actions with regard to the environmental condition of the Property and contents of the buildings including environmental investigations and moving hazardous and regulated wastes and other products and doing so in a negligent manner thereby further negatively impacting the environmental condition of the Property.  Furthermore, the Washington Mutual Bank individual who directly addressed the environmental issues at and the environmental condition of the Property for Washington Mutual Bank and with the TCEQ remained with the Defendant after its acquisition of Washington Mutual Bank.

9.   The Defendant failed to disclose to Plaintiff prior to the sale the environmental reports in its possession, the Defendant's direct knowledge of the environmental condition of the Property, the hazardous and regulated wastes and products existing on the Property or the environmental violations on the Property caused by the Defendant, its Predecessor and/or their borrower.  The Defendant and its Predecessor also failed to take actions required of them by the TCEQ.

10.   The Defendant was aware of the lack of knowledge of the bidders at the foreclosure auction and specifically the knowledge, ability, experience of Plaintiff with regard to the Property and its environmental condition and requirements of environmental laws and regulations in general, and the inability and the lack of capacity of Plaintiff to determine the environmental condition of the Property without access to the environmental reports, information, and knowledge of the environmental

3

condition of the Property in the Defendant's
possession, and access to the Property and the
buildings on the Property.

11.  If the Defendant had (a) provided to
Plaintiff all of the environmental reports for review
prior to the foreclosure sale, (b) allowed access to
Plaintiff to inspect the Property and the buildings and
their contents prior to the foreclosure sale, and ( c)
disclosed their knowledge and experience regarding the
environmental condition of the Property and the
contents of the building, Plaintiff would not have bid
on or purchased the Property at the foreclosure
auction.

Compl. at 2-4.  Plaintiff asserted claims against defendant for

statutory fraud in violation of Chapter 27 of the Texas Business

& Commerce Code, common law fraud, violations of the Texas

Deceptive Trade Practices--Consumer Protection Act ("DTPA"), and

negligent misrepresentation.

## II.

### Standards Applicable to Motion to Dismiss

Rule 8(a)(2) of the Federal Rules of Civil Procedure

provides, in a general way, the applicable standard of pleading.

It requires that a complaint contain "a short and plain statement

of the claim showing that the pleader is entitled to relief,"

Fed. R. Civ. P. 8(a)(2), "in order to give the defendant fair

notice of what the claim is and the grounds upon which it rests,

Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (internal

quotation marks and ellipsis omitted).  Although a complaint need

4

not contain detailed factual allegations, the "showing" contemplated by Rule 8 requires the plaintiff to do more than simply allege legal conclusions or recite the elements of a cause of action.   Id. at 555 & n.3.   Thus, while a court must accept all of the factual allegations in the complaint as true, it need not credit bare legal conclusions that are unsupported by any factual underpinnings.   See Ashcroft v. Iqbal, 556 U.S. 662, 679 (2009) ("While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations.")

Moreover, to survive a motion to dismiss for failure to state a claim under Rule 12(b)(6), the facts pleaded must allow the court to infer that the plaintiff's right to relief is plausible.   Id. at 678.   To allege a plausible right to relief, the facts pleaded must suggest liability; allegations that are merely consistent with unlawful conduct are insufficient. Twombly, 550 U.S. at 566-69.   "Determining whether a complaint states a plausible claim for relief . . . [is] a context-specific task that requires the reviewing court to draw on its judicial experience and common sense."   Iqbal, 556 U.S. at 679.

### III.

### Analysis

Defendant in the motion sets forth a number of arguments as the basis for dismissing plaintiff's various claims.   The court

finds it unnecessary to address the majority of defendant's arguments, however, because all of plaintiff's claims suffer from the same flaw warranting dismissal:  the failure of plaintiff to allege reliance.

Reliance is a required element of common law and statutory fraud under Texas law.  See Dorsey v. Portfolio Equities, Inc., 540 F.3d 333, 341 (5th Cir. 2008) (citing Johnson & Johnson Med., Inc. v. Sanchez, 924 S.W.2d 925, 929-30 (Tex. 1996)); Schlumberger Tech. Corp. v. Swanson, 959 S.W.2d 171, 181-82 (Tex. 1997).  A plaintiff must actually rely on the defendant's alleged misrepresentations, and such reliance must be reasonable and justified.  Ernst & Young, L.L.P. v. Pacific Mut. Life Ins. Co., 51 S.W.3d 573, 577 (Tex. 2001); Am. Tobacco Co. v. Grinnell, 951 S.W.2d 420, 436 (Tex. 1997).  Claims pursuant to the DTPA and for negligent misrepresentation likewise require a showing of detrimental reliance.  See, e.g., Grinnell, 951 S.W.2d at 436 (negligent misrepresentation); Henry Schein, Inc. v. Stromboe, 102 S.W.3d 675, 686 (Tex. 2002) (negligent misrepresentation, DTPA).  Where a party knows that representations are false before he acts, but acts nonetheless, he cannot establish justifiable reliance.  Thrower v. Brownlee, 12 S.W.2d 184, 186-87 (Tex. 1929); Coastal Corp. v. Atlantic Richfield Co., 852 S.W.2d 714, 720-21 (Tex. App.--Corpus Christi 1993, no writ).

The court has carefully reviewed the factual allegations in the complaint, set forth supra, and can find nothing alleging plaintiff's justifiable reliance on defendant's purported misrepresentations.  The complaint alleged that defendant knew about the environmental condition of the property; represented that it would provide environmental reviews pertinent to the property to plaintiff and other potential bidders; and also represented that it would allow access to, and inspection of, the property prior to the foreclosure sale.  Despite these representations, defendant "failed to provide . . . the environmental reviews or an opportunity to inspect the Property and buildings prior to the foreclosure sale . . . ."  Compl. at 2.  And again, "[t]he environmental documents and information were not provided to Plaintiff prior to the auction as advertised."  Id. at 3.

There is thus no question that by the time of the foreclosure auction plaintiff knew defendant had failed to do the things it had promised to do.  These facts appear to plead the opposite of reliance:  at the time of the foreclosure auction, plaintiff did not have the environmental reports, and had not been given access to inspect the property, despite defendant's promises to the contrary, yet he nevertheless bid on and purchased the property.

7

Plaintiff's response to the motion to dismiss does nothing to help his case.  Plaintiff cited <u>Haralson v. E.F. Hutton Group, Inc.</u>, 919 F.2d 1014, 1026 (5th Cir. 1990), for the proposition that the court, in evaluating reliance, must consider "a fraud plaintiff's individual characteristics, abilities, and appreciation of facts and circumstances at or before the time of the alleged fraud."  Pl.'s Resp. to First Am. Mot. to Dismiss and Br. in Supp. at 6.  Plaintiff, however, did not explain which of plaintiff's individual characteristics, abilities, or facts and circumstances the court should consider.  Plaintiff also claimed that "the availability at the foreclosure sale itself of only part of the information about the environmental condition of the subject property is sufficient to establish that Plaintiff relied upon the information made available at the actual sale."  <u>Id.</u>  No such allegations appear in the complaint, which affirmatively alleged the opposite:  that "environmental documents and information were not provided to Plaintiff prior to the auction as advertised."  Compl. at 3.  The response directs the court to nothing in the Complaint that alleges reliance.

The court notes that in an order signed February 3, 2012, plaintiff was ordered to file an amended complaint that complied with the applicable Federal Rules of Civil Procedure, including Rule 8, Rule 9, and Rule 10.  The February 3 order advised

plaintiff that "a complaint in federal court must plead facts that show the plaintiff's right to relief is plausible," and that the court "does not accept conclusory allegations or unwarranted deductions of fact" as true.   Feb. 3, 2012 Order at 2-3, citing Ashcroft v. Iqbal, 556 U.S. 662, 129 S. Ct. 1937, 1950 (2009), and Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007).   The court ordered plaintiff to file an amended complaint "bearing in mind the aforementioned principles."   Id. at 3.   Plaintiff thus was on notice of the pleading requirements imposed by the Federal Rules of Civil Procedure as well as recent decisions of the Supreme Court on that subject.   Thus, the court concludes that plaintiff has had ample opportunity to file a complaint that adequately alleges his claims and causes of action against defendant.   Having failed to do so, the Complaint must be dismissed.

IV.

Order.

Therefore,

The court ORDERS that defendant's motion to dismiss be, and is hereby, granted.

The court further ORDERS that all claims and causes of action brought by plaintiff, Abdelhamed A. Rhima, against

defendant, JPMorgan Chase Bank, N.A., be, and are hereby,

dismissed with prejudice.

     SIGNED May 18, 2012.

                       JOHN McBRYDE
                       United States District Judge